IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI INSURANCE
COMPANY,

      Plaintiff,

      v.

ANETSBERGER, LLC, *et al.*,

      Defendants.

Case No. 3:15-cv-398

JUDGE WALTER H. RICE

DECISION AND ENTRY OVERRULING DEFENDANT ANETSBERGER, LLC'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DOC. #7); FURTHER INSTRUCTIONS TO COUNSEL

This matter is currently before the Court on Defendant Anetsberger, LLC's Motion to Dismiss for Failure to Prosecute, brought under Fed. R. Civ. P. 41(b). Doc. #7. For the reasons set forth by the Court during the conference call held on June 11, 2018, and for the reasons discussed below, the Court OVERRULES that motion.

I.    **Background and Procedural History**

On June 3, 2015, Plaintiff, Cincinnati Insurance Company, ("CIC" or "Plaintiff") filed this lawsuit in state court against Anetsberger, LLC, Anets, Anetsberger Brothers, Inc. and John Does. It alleged that a defective commercial deep fat fryer manufactured by one or more of the defendants caused a fire at

McMurray's Varsity Club, a restaurant that was insured by CIC. CIC paid McMurray's claim for property damage, and lost business income, and now asserts its subrogation rights against Defendants. Claims include strict liability in tort, negligence, products liability, supplier negligence, breach of express warranty, and breach of implied warranty.

In November of 2015, Defendant Anetsberger, LLC ("Defendant") removed the case to federal court, and filed its Answer. For some unknown reason, on March 14, 2016, the Clerk of Courts terminated the case, noting that a Stipulation of Dismissal was filed on February 23, 2016. In fact, no such Stipulation had been filed. Although the termination was clearly a mistake, none of the attorneys contacted the Court to inquire about this docket entry.

Two years later, on April 13, 2018, Defendant filed a Motion to Dismiss for Failure to Prosecute. Doc. #7. Counsel noted that Plaintiff had done absolutely nothing to move the case forward after it was removed to federal court. On May 17, 2017, Defendant's counsel advised Plaintiff that Defendant planned to file a motion to dismiss for failure to prosecute. Doc. #7-2, PageID#62. On August 7, 2017, Plaintiff's counsel informed Defendant's counsel that he was under the mistaken impression that the case was stayed due to a bankruptcy proceeding. They discussed the possibility of filing a stipulation of dismissal without prejudice, but Plaintiff refused to agree. Doc. #7-1, PageID#59. Plaintiff provided some photographs of the fire and several witness statements. *Id.* Several more months passed. When Plaintiff still failed to take action to move the case forward,

2

Defendant filed the pending motion, asking the Court to dismiss the action with prejudice for failure to prosecute.

Plaintiff filed a Memorandum in Opposition, Doc. #8, arguing that dismissal with prejudice was too drastic of a sanction, particularly in light of the fact that the Court had, for some unknown reason, closed the case in March of 2016. Plaintiff acknowledged Defendant's claim that it did not manufacture the deep fryer that allegedly started the fire. Plaintiff suggested that, if Defendant would simply produce an affidavit or other evidence to verify that allegation, Plaintiff would voluntarily dismiss all claims against Defendant Anetsberger, LLC.

After Defendant filed its Reply, Doc. #9, the Court held a conference call on June 11, 2018, and overruled the pending motion. The Court's reasoning is set forth in greater detail below.

II. Analysis

Federal Rule of Civil Procedure 41(b) provides courts the authority to dismiss a case for failure of the plaintiff to prosecute. "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation omitted). Nevertheless, "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Wu v. T.W.*

Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)). Dismissal with prejudice is typically not warranted where the failure to prosecute is "solely the fault of the attorney." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2003) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Four factors must be considered in deciding whether to dismiss a case for failure to prosecute, although none is outcome dispositive. *Knoll*, 176 F.3d at 363. The factors include:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.*[1]

As the Court noted during the June 11, 2018, conference call, Plaintiff's failure to prosecute can be blamed, in large part, on the Clerk of Court, who mysteriously terminated the case on March 14, 2016. Notably, *neither* party contacted the Court to inquire about this docket entry.

Although Defendant claims to be prejudiced by the delay in prosecution, the Court notes that Defendant's counsel waited more than one whole year after the case was terminated to question Plaintiff's counsel about the failure to prosecute. In addition, given the likelihood that, upon production of an affidavit or other evidence showing that Anetsberger, LLC, did not manufacture the deep fryer that

---

[1] Given that the Court is overruling the Motion to Dismiss, the third and fourth factors are irrelevant.

4

allegedly caused the fire, Plaintiff will voluntarily dismiss its claims against that Defendant, any claim of prejudice falls flat.

More importantly, under the circumstances presented here, the Court cannot find that Plaintiff's failure to prosecute was willful or done in bad faith. As the Sixth Circuit has held, "[i]n order to consider a plaintiff culpable, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Under the circumstances presented here, Plaintiff's conduct does not rise to that level.

### III.  Conclusion

Given that the Court is largely to blame for any confusion that ensued following the erroneous termination of this case, the Court OVERRULES Defendant Anetsberger, LLC's, Motion to Dismiss for Failure to Prosecute, Doc. #7.

As discussed during the conference call held on June 11, 2018:

- Counsel for Anetsberger, LLC, will provide an affidavit to counsel for Plaintiffs no later than June 21, 2018. If the evidence shows that the deep fryer was purchased prior to the date Anetsberger, LLC, came into being, Plaintiffs will voluntarily dismiss all claims against Anetsberger, LLC.

- Plaintiffs' counsel shall serve Defendant Anetsberger Brothers Inc., no later than July 11, 2018. After service has been effected and an Answer has been filed, the Court will schedule a Preliminary Pretrial Conference.

Date: June 20, 2018

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE